1  Judith B. Jennison, (SBN 165929)
   JJennison@perkinscoie.com
2  Holly M. Simpkins (*pro hac vice*)
   HSimpkins@perkinscoie.com
3  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
4  Seattle, WA 98101-3099
   Telephone: 206.359.8000
5  Facsimile: 206.359.9000

6  May Eaton (SBN 298123)
   PERKINS COIE LLP
7  505 Howard Street, Suite 1000
   San Francisco, California 94105
8  mayeaton@perkinscoie.com
   Telephone: (415) 344-7000
9  Facsimile: (415) 344-7050

10  Attorneys for Defendant
    JOHN WILEY & SONS, INC.

11

12

13              **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
14

15  ARTIFEX SOFTWARE, INC.,                Case No. 5:20-cv-00665-LHK

16                      Plaintiff,         **DEFENDANT JOHN WILEY & SONS,**
                                           **INC.'S ANSWER TO COMPLAINT**
17         v.                              **AND AFFIRMATIVE DEFENSES**

    JOHN WILEY & SONS, INC.,               Complaint Filed:  January 29, 2020
18
                        Defendant.         Judge:  Hon. Lucy H. Koh
19

20

21

22

23

24

25

26

27

28

Defendant John Wiley & Sons, Inc. ("Wiley" or "Defendant"), answers plaintiff Artifex Software, Inc.'s ("Artifex" or "Plaintiff") Complaint as follows. Wiley denies, except where expressly admitted, each allegation in the Complaint. Wiley includes the headings used in the Complaint for convenience and ease of reference only and denies any allegations, assertions, or inferences contained therein.

## INTRODUCTION

1. Wiley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies the allegations.

2. Wiley admits that it has not entered into a commercial license with Plaintiff for use and distribution of MuPDF. Wiley denies the remaining allegations in paragraph 2.

3. Wiley admits that it received a demand letter from Plaintiff that included a monetary demand. Wiley denies the remaining allegations in paragraph 3.

## NATURE OF THE CASE

4. Wiley admits that Plaintiff purports to bring a copyright action against it but denies that Plaintiff states any valid claim. Wiley denies the remaining allegations in paragraph 4.

5. Wiley admits that Plaintiff purports to bring an action under the Copyright Act and unspecified state law but denies that Plaintiff states any valid claim. Wiley denies any remaining allegations in paragraph 5.

## THE PARTIES

6. Wiley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and on that basis denies them.

7. Wiley admits it is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey. Wiley also admits that it has an office located at 535 Mission Street, 14th Floor, San Francisco, CA 94105. Wiley denies the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8. Wiley admits that Plaintiff purports to bring an action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and an unidentified state law but denies that Plaintiff states any

1    valid claims.  Wiley denies any remaining allegations in paragraph 8.

2        9.      Wiley admits that, if proper, a claim arising under the Copyright Act would arise

3    within the Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) but denies

4    that Plaintiff states any valid claim.  Wiley denies the remaining allegations in paragraph 9.

5        10.     Wiley does not contest that this Court has personal jurisdiction over Wiley for

6    purposes of this action.  Wiley admits that it has an office in California.  Wiley denies the

7    remaining allegations in paragraph 10.

8        11.     Wiley admits that venue is proper under 28 U.S.C. § 1400(a) for purposes of this

9    action.  Wiley denies the remaining allegations in paragraph 11.

10                           **INTRADISTRICT ASSIGNMENT**

11       12.     Wiley admits that Plaintiff purports to bring an intellectual property action but

12   denies that Plaintiff states any valid claim.  Civil Local Rule 3-2(c) speaks for itself.  Wiley lacks

13   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

14   paragraph 12 and on that basis denies them.

15                            **GENERAL ALLEGATIONS**

16                              **Artifex and MuPDF**

17       13.     Wiley lacks knowledge or information sufficient to form a belief as to the truth of

18   the allegations in paragraph 13 and on that basis denies them.

19       14.     Wiley lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations in paragraph 14 and on that basis denies them.

21       15.     Wiley lacks knowledge or information sufficient to form a belief as to the truth of

22   the allegations in paragraph 15 and on that basis denies them.

23       16.     Wiley lacks knowledge or information sufficient to form a belief as to the truth of

24   the allegations in paragraph 16 and on that basis denies them.

25       17.     Wiley lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in paragraph 17 and on that basis denies them.

27       18.     Wiley admits that the documents attached as Exhibits 1 and 2 to the Complaint

28   purport to be copies of the GNU GPL and the GNU AGPL, respectively.  Wiley lacks knowledge

1    or information sufficient to form a belief as to the truth of the remaining allegations in paragraph

2    18 and on that basis denies them.

3        19.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations in paragraph 19 and on that basis denies them.

5    **<u>Wiley and Its Infringing Software</u>**

6        20.    Wiley admits that it is a New York corporation and that it is publicly traded on the

7    New York Stock Exchange.  Wiley admits that it reported $1,796.1 million in revenue in 2018.

8    Wiley denies any remaining allegations in paragraph 20.

9        21.    Wiley denies the allegations in paragraph 21.

10       22.    Wiley denies the allegations in paragraph 22.

11       23.    Wiley admits that it offers the listed applications through the Google Play Store.

12   Wiley denies the remaining allegations in paragraph 23.

13       24.    Wiley admits the allegations in paragraph 24.

14       25.    Wiley admits that it received email correspondence from Plaintiff.  Wiley denies

15   the remaining allegations in paragraph 25.

16       26.    Paragraph 26 contains a legal conclusion to which no response is required.  To the

17   extent a response is required, Wiley denies the allegations in paragraph 26.

18       27.    Wiley denies the allegations in paragraph 27.

19       28.    Wiley denies the allegations in paragraph 28.

20       29.    Wiley admits that the quoted text in paragraph 29 is an accurate reproduction of an

21   excerpt from Section 6 of Exhibits 1 and 2 to the Complaint.  Wiley denies any remaining

22   allegations in paragraph 29.

23       30.    Wiley denies the allegations in paragraph 30.

24       31.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

25   the allegations in the first sentence of paragraph 31 and on that basis denies them.  Wiley denies

26   the remaining allegations in paragraph 31.

27       32.    Wiley admits that the quoted text in paragraph 32 is an accurate reproduction of an

28   excerpt from Section 8 of Exhibits 1 and 2 to the Complaint.  Wiley denies any remaining

1  allegations in paragraph 32.

2      33.    Paragraph 33 contains a legal conclusion to which no response is required.  To the

3  extent a response is required, Wiley denies the allegations in paragraph 33.

4                         **Artifex's Copyright in MuPDF**

5      34.    Wiley admits that the documents Plaintiff attached as Exhibits 3, 4, 5 and 6

6  purport to be copies of U.S. Copyright Certificate of Registration Nos. TX 6-989-229, TX8-463-

7  904, TX 8-473-187, and TX 8-823-703.  Wiley lacks knowledge or information sufficient to form

8  a belief as to the truth of the remaining allegations in paragraph 34 and on that basis denies them.

9      35.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations in paragraph 35 and on that basis denies them.

11      36.    Wiley admits that it has not entered into a commercial license with Plaintiff for

12  MuPDF.  Wiley denies the remaining allegations in paragraph 36.

13                         **FIRST CLAIM FOR RELIEF**

14                         **COPYRIGHT INFRINGEMENT**

15                         **(17 U.S.C. § 101 *et seq.*)**

16      37.    Wiley incorporates herein by reference each and every response set forth in

17  paragraphs 1–36 above.

18      38.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

19  the allegations in paragraph 38 and on that basis denies them.

20      39.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

21  the allegations in paragraph 39 and on that basis denies them.

22      40.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations in paragraph 40 and on that basis denies them.

24      41.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations in paragraph 41 and on that basis denies them.

26      42.    Paragraph 42 contains a legal conclusion to which no response is required.  To the

27  extent a response is required, Wiley denies the allegations in paragraph 42.

28      43.    Paragraph 43 contains a legal conclusion to which no response is required.  To the

1    extent a response is required, Wiley denies the allegations in paragraph 43.

2    44.    Paragraph 44 contains a legal conclusion to which no response is required.  To the

3    extent a response is required, Wiley denies the allegations in paragraph 44.

4    45.    Paragraph 45 contains a legal conclusion to which no response is required.  To the

5    extent a response is required, Wiley denies the allegations in paragraph 45.

6    **SECOND CLAIM FOR RELIEF**

7    **BREACH OF CONTRACT**

8    **(GNU Affero General Public License)**

9    46.    Wiley incorporates herein by reference each and every response set forth in

10    paragraphs 1–45 above.

11    47.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

12    the allegations in paragraph 47 and on that basis denies them.

13    48.    Paragraph 48 contains a legal conclusion to which no response is required.  To the

14    extent a response is required, Wiley denies the allegations in paragraph 48.

15    49.    Paragraph 49 contains a legal conclusion to which no response is required.  To the

16    extent a response is required, Wiley denies the allegations in paragraph 49.

17    50.    Paragraph 50 contains a legal conclusion to which no response is required.  To the

18    extent a response is required, Wiley denies the allegations in paragraph 50.

19    **THIRD CLAIM FOR RELIEF**

20    **(In the Alternative to the Second Claim for Relief)**

21    **BREACH OF CONTRACT**

22    **(GNU General Public License)**

23    51.    Wiley incorporates herein by reference each and every response set forth in

24    paragraphs 1–50 above.

25    52.    Wiley lacks knowledge or information sufficient to form a belief as to the truth of

26    the allegations in paragraph 52 and on that basis denies them.

27    53.    Paragraph 53 contains a legal conclusion to which no response is required.  To the

28    extent a response is required, Wiley denies the allegations in paragraph 53.

54.     Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is required, Wiley denies the allegations in paragraph 54.

55.     Paragraph 55 contains a legal conclusion to which no response is required. To the extent a response is required, Wiley denies the allegations in paragraph 55.

**PRAYER FOR RELIEF**

Wiley denies any factual assertions contained in Plaintiff's Prayer for Relief and further denies that Plaintiff is entitled to the relief it seeks or any other relief.

**AFFIRMATIVE DEFENSES**

By raising the following defenses, Wiley does not assume the burden of proof of any issue that, as a matter of law, is Plaintiff's burden to prove. Wiley further does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in each and every paragraph above. Wiley reserves all rights to allege additional affirmative defenses that become known through the course of discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     The Complaint fails to state claims against Wiley for copyright infringement or breach of contract. Plaintiff has not identified any contract that it had with Wiley. Wiley has and had the appropriate rights to MuPDF, and Plaintiff impliedly or explicitly, directly, or indirectly, authorized, licensed, consented to, or acquiesced to any use, copying or distribution of MuPDF by Wiley.

**SECOND AFFIRMATIVE DEFENSE**

**(License and No Breach of Contract)**

2.     Plaintiff's claims are barred in whole or in part because Wiley's actions as alleged in the Complaint were in compliance with the GNU GPL and/or GNU AGPL.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.     Wiley alleges that all or part of Plaintiff's claims against Wiley are barred by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(*De Minimis*, Remote, Speculative, or Transient Damages)**

4.      Any losses or damages allegedly caused by Wiley and sustained by Plaintiff are *de minimis*, remote, speculative, or transient and not cognizable at law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Promissory Estoppel)**

5.      Plaintiff's claims are barred, in whole or in part, based on the doctrine of Promissory Estoppel based on Wiley's reliance on representations by Artifex regarding MuPDF. To the extent that Wiley is alleged to have copied, modified, distributed or used MuPDF, it did so in reliance on Plaintiff's unambiguous promise through its licenses and the licenses posted on its website, and such reliance was expected and foreseeable by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

6.      Plaintiff's breach of contract claim fails because the GNU GPL and/or GNU AGPL are not enforceable contracts due to failure of consideration.

**SEVENTH DEFENSE**

**(Lack of Acceptance)**

7.      Plaintiff's breach of contract claim fails because the GNU GPL and/or GNU AGPL are not enforceable contracts due to Wiley's lack of acceptance.

**EIGHTH DEFENSE**

**(Unilateral and Mutual Mistake)**

8.      If the Court finds that the GNU GPL and/or GNU AGPL are enforceable contracts between Plaintiff and Wiley, Plaintiff's breach of contract claim fails because the parties committed a mistake of fact or law in entering into that contract.

**<u>JURY DEMAND</u>**

Wiley hereby demands a trial by jury on all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  March 26, 2020

Respectfully submitted,

*/s/ May Eaton*_____
Judith B. Jennison, (SBN 165929)
JJennison@perkinscoie.com
Holly M. Simpkins, *pro hac vice*
HSimpkins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

May Eaton (SBN 298123)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
mayeaton@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendant
JOHN WILEY & SONS, INC.