DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
ASHISH SUDHAKARAN (S.B. #312941)
asudhakaran@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:      (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.

Judith B. Jennison,  (S.B. #165929)
JJennison@perkinscoie.com
Holly M. Simpkins  (*pro hac vice*)
HSimpkins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle,  WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

May Eaton (S.B. #298123)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California  94105
mayeaton@perkinscoie.com
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

Attorneys  for Defendant
JOHN WILEY & SONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ARTIFEX  SOFTWARE,  INC.,

  Plaintiff,

v.

JOHN WILEY & SONS, INC.,

  Defendant.

Case No. 20-cv-00665-LHK

[~~PROPOSED~~] STIPULATED
PROTECTIVE  ORDER  FOR
LITIGATION  INVOLVING  PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE
SECRETS AS MODIFIED BY THE
COURT

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party may designate up to two (2) Designated House Counsel pursuant to paragraph 7.3(f).

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

1   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2   including the time limits for filing any motions or applications for extension of time pursuant to

3   applicable law.

4   5.      DESIGNATING PROTECTED MATERIAL

5       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

6   or Non-Party that designates information or items for protection under this Order must take care to

7   limit any such designation to specific material that qualifies under the appropriate standards. To

8   the extent it is practical to do so, the Designating Party must designate for protection only those

9   parts of material, documents, items, or oral or written communications that qualify—so that other

10  portions of the material, documents, items, or communications for which protection is not

11  warranted are not swept unjustifiably within the ambit of this Order.

12      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

13  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

14  unnecessarily encumber or retard the case development process or to impose unnecessary expenses

15  and burdens on other parties) expose the Designating Party to sanctions.

16      If it comes to a Designating Party's attention that information or items that it designated for

17  protection do not qualify for protection at all or do not qualify for the level of protection initially

18  asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the

19  mistaken designation.

20      5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

21  (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

23  designated before the material is disclosed or produced.

24      Designation in conformity with this Order requires:

25          (a) for information in documentary form (*e.g.*, paper or electronic documents, but

26  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

27  affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Video recordings of depositions containing Protected Material shall be marked with an indication that the recording has been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the video technician of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1]  Each such motion must be

---

[1] However, after three such motions, the Challenging Party must file any subsequent motions to avoid abuse of this process. In this circumstance the burden of persuasion remains with the Designating Party.

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not

1   disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of
2   those particular Protected Materials' existence, except as provided in this Order.

3       7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered
4   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
5   information or item designated "CONFIDENTIAL" only to:

6           (a) the Receiving Party's Outside Counsel of Record in this action, as well as
7   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
8   information for this litigation;

9           (b) the officers, directors, and employees (including House Counsel) of the
10  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
11  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12          (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
13  reasonably necessary for this litigation and who have signed the "Acknowledgment and
14  Agreement to Be Bound" (Exhibit A);

15          (d) the court and its personnel;

16          (e) court reporters and their staff, professional jury or trial consultants, mock jurors,
17  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
18  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19          (f) during their depositions, witnesses in the action to whom disclosure is
20  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
21  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of
22  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
23  separately bound by the court reporter and may not be disclosed to anyone except as permitted
24  under this Stipulated Protective Order.

25          (g) the author or recipient of a document containing the information or a custodian
26  or other person who otherwise possessed or knew the information.

27      7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and
28  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a) have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

A Receiving Party may also disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(f) up to two (2) Designated House Counsel of the Receiving Party (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a

written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

2    approve the disclosure.

3          In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

4    of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

5    outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6    8.     SOURCE CODE

7          (a)     To the extent production of source code becomes necessary in this case, a

8    Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

9    if it comprises or includes confidential, proprietary or trade secret source code.

10         (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

11   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom

13   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as

14   set forth in paragraphs 7.3 and 7.4.

15         (c)     Any source code produced in discovery shall be made available for

16   inspection until the close of expert discovery (see paragraph 8(f) below for exceptions), in a format

17   allowing it to be reasonably reviewed and searched, during normal business hours or at other

18   mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed

19   upon location. The source code shall be made available for inspection on a secured computer in a

20   secured room without Internet access or network access to other computers, and the Receiving

21   Party shall not copy, remove, or otherwise transfer any portion of the source code onto any

22   recordable media or recordable device. The Producing Party may visually monitor the activities of

23   the Receiving Party's representatives during any source code review, but only to ensure that there

24   is no unauthorized recording, copying, or transmission of the source code. At least five (5)

25   business days prior to the date on which access is sought to the secured computer, outside counsel

26   of record for the Receiving Party shall provide a list of individuals, including attorneys, seeking to

27   access to the secured computer. During the pendency of the five-day notice period, no listed

28   individual shall have access to the secured computer, unless otherwise agreed by the parties. If an

objection to any specific listed individual is made, that individual shall not have access to the secured computer until resolution of such objection.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)     The Producing Party shall preserve and maintain until the end of trial the secured computer containing source code the Producing Party produced in discovery. If a Receiving Party requires inspection of produced source code following the close of expert discovery, the Receiving Party shall request the Producing Party provide access to the secured computer to conduct such inspection. Within two (2) business days of the request to inspect, the Receiving Party shall reach out to the Producing Party to schedule a meet and confer to discuss the

necessity and parameters of the requested inspection, including whether such inspection is requested prior to the end of the five-business-day notice period and the list of individuals seeking to access to the secured computer.

If the parties cannot resolve by agreement a request to inspect source code following the close of expert discovery, the party requesting inspection may seek judicial intervention through a telephone conference in compliance with Civil Local Rule 37-1(b). The Receiving Party may also file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 37-2) seeking the Court's permission to access the Producing Party's secured computer to conduct the requested inspection. Any such motion must describe the circumstances with specificity and set forth in detail the reasons why the requested inspection of source code is reasonably necessary. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Producing Party for its denial of the request to provide access to the secured computer to enable the requested inspection of source code after the close of expert discovery.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated by a Designating Party in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties acknowledge that regardless of the producing Party's diligence an inadvertent production of attorney-client privileged or attorney work-product materials may occur. Inadvertent or unintentional production of any document or thing subject to attorney-client

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

privilege or work-product immunity shall not constitute a waiver of the attorney-client privilege or work-product immunity, if any, as they apply to those documents specifically or to the subject matter of those documents generally, either in this action or in any subsequent action or other proceeding.

The parties agree that if a Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product protection and request that the document or thing be returned to the producing Party. Upon receipt of such written request, the Receiving Party must not use or disclose such documents or things or the information contained in them, and the Receiving Party shall promptly gather the original and all copies of such documents and things, take reasonable steps to retrieve the information if the Receiving Party disclosed it before receiving the request, and shall promptly return (if a true original) or destroy the document and all such copies to the Designating Party. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product protection.

The Receiving Party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents or things in question, but under no circumstances may the Receiving Party use the document or its contents in challenging an assertion of privilege or work-product protection, and under no circumstances may the Receiving Party assert as a ground for compelling production the fact or circumstance that the material has already been produced or disclosed.

13.   <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future. This Order is without prejudice to the right of any Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all

13.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4   <u>Filing Protected Material</u>.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.5   <u>Termination of Matter and Retention of Jurisdiction</u>.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final disposition of the above captioned matter. ~~The Court shall retain jurisdiction after final disposition of this matter to hear and resolve any disputes arising out of this Protective Order.~~

13.6   <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and retained consultants and experts.

13.7    <u>Privilege Log Not Required For Certain Materials</u>: No party is required to collect, review, log, or produce communications or documents withheld on the grounds of attorney-client privilege or attorney work-product doctrine that post-date the filing of the Complaint in this action, and no privilege log for such documents or communications need be provided.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION). In addition, Counsel are not required to remove Protected Material from tapes or other media used by their law firms for disaster recovery. Counsel are also not required to remove Protected Material from email correspondence exchanged during the course of the action, including Protected Material attached to emails.

**IT IS SO STIPULATED**, through Counsel of Record.

1    DATED:  July 15, 2020                   Respectfully  submitted,

2                                            O'MELVENY  &  MYERS  LLP

3
                                             By:   _/s/ Darin W. Snyder_
4                                               Darin W. Snyder
                                                O'MELVENY  &  MYERS  LLP
5                                               Two Embarcadero Center, 28th Floor
                                                San Francisco, CA 94111
6                                               Tel: (415) 984-8700; Fax: (415) 984-8701

7                                               Attorneys  for Plaintiff
                                                ARTIFEX  SOFTWARE,  INC.
8

9

10   DATED:  July 15, 2020                   Respectfully  submitted,

11                                           PERKINS  COIE LLP

12
                                             By:   _/s/ Judith B. Jennison_
13                                              Judith B. Jennison
                                                Holly M. Simpkins
14                                              May Eaton
                                                PERKINS  COIE LLP
15                                              1201 Third Avenue, Suite 4900
                                                Seattle, WA 98101-3099
16                                              Tel: 206.359.8000; Fax: 206.359.9000

17                                              Attorneys  for Defendant
                                                JOHN  WILEY  &  SONS, INC.
18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2        Pursuant to Local Rule 5-1(i) regarding signatures, I, Darin W. Snyder, hereby attest that

3 concurrence in this filing has been obtained from Defendant's counsel with conformed signatures

4 above.

5

6        DATED:  July 15, 2020              O'MELVENY & MYERS LLP

7

8                                     By:   */s/ Darin W. Snyder*                    _
                                          Darin W. Snyder
9                                         O'MELVENY & MYERS LLP
                                          Two Embarcadero Center, 28th Floor
10                                        San Francisco, CA 94111
                                          Tel: (415) 984-8700; Fax: (415) 984-8701
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED]** ORDER

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4   Dated:  July 20, 2020

5   Honorable  Susan van Keulen
    United  States  Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Artifex Software, Inc. v. John Wiley & Sons, Inc.* (Civil Action No. 20-cv-00665-LHK). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                     [signature]